Steuer,, J.
The testator, a citizen and domiciliary of Greece, died there in 1967. By a proceeding comparable to admission to probate, his will was established in the Athens Court of First Instance. About one third of the assets of the estate was located in this country and the appellant was appointed ancillary administrator c. t. a. in a proceeding in the Surrogate’s Court, New York County. Concerned in this proceeding are three legacies: to Stella Kilidonas, a sister of the testator, for $50,000; to Pauline Howard, a niece of the testator, for $50,000; and to Soterios Gyfteas, a brother of testator, for $10,000. In the course of administration, appellant paid on account of the legacies $16,500 each to Kilidonas and Howard, and $4,000 to Gyfteas.
This proceeding was instituted by the beneficiaries pursuant to SCPA 2102 (subd. 5) to compel further advance payments of $20,000 each to Kilidonas and Howard, and $3,000 to Gyfteas. The Surrogate granted the applications to the extent of directing appellant to make additional advance payments each to Kilidonas and Howard of $10,000, and $1,300 to Gyfteas. The opposition was based on the contention that taxes on the legacies had not yet been determined and that they might exceed the unpaid balances. Subsequent to the decree appellant was able to calculate the Greek inheritance taxes and, finding that the order of the Surrogate left sufficient funds in the Kilidonas and Gyfteas legacies, paid these amounts, not pursuant to the decree but to a stipulation signed by these two beneficiaries. Under any construction we agree that these advance payments would be provident and we affirm the decree in respect to them.
It appears that the amount of the Greek inheritance tax on legacies depends in part on the relationship of the legatee to the testator. The petitioner Howard being a niece, there is a larger tax assessed against her legacy than that assessed against the others; and if the advance payment ordered by the Surrogate is made, the unpaid amount of the legacy will not equal the tax. Actually the unpaid balance of the legacy, without the advance payment directed by the Surrogate, only slightly exceeds the amount of the estimated tax. Petitioner claims the amount should nevertheless be paid, because of the established legal prin *382 ciple that this State will not act as a tax collector for another jurisdiction.
SOPA 2102 (subd. 5) provides under certain circumstances for direction to pay all or any part of a legacy to which the legatee is entitled. The question presented here is whether the legatee is entitled to the legacy free of the inheritance tax exacted by the laws of the testator’s domicile and the place of probate of his will. The general question is limited by certain facts peculiar to the situation presented. The assets of the testator out of which the legacies are directed to be paid consist of bank accounts. By virtue of treaty with Greece (United States Treaties and Other International Agreements, vol. 5, p. 12), the situs of a bank deposit of a domiciliary of one of the contracting parties shall be deemed to be situated in the State in which the deceased person was domiciled at thet ime of death (CCH Tax Treaties, Greece, art. IV, § 3156, subd. [2], par. [j]). It follows that in legal contemplation the funds out of which this legacy is to be paid are located in Greece and would be subject to Greek law. Furthermore, it also appears that in the probate proceedings in Greece the petitioner appeared in the proceeding and sought to contest the will. The will, including petitioner’s legacy, was sustained. It would appear that she has subjected herself to the jurisdiction of the Greek courts as to all questions of the validity and extent of her inheritance.
The appellant contends that the proposition that this forum is not available for the collection of taxes of another State is unsound. The basic question is no longer open (City of Philadelphia v. Cohen, 11 N Y 2d 401). However, this is not such a ease. No one is suing the petitioner or seeking to collect anything from her. She is not using the rule of law as a protective shield. On the contrary, she is seeking to use it as a sword to collect moneys. There is a marked distinction, particularly in that all the consideration of policy which have been advanced to support the rule would have no application. What she is asking is a direction to the ancillary administrator to pay her in contravention of the laws of the testator’s domicile. The precise situation arose in Matter of Hollins (79 Misc. 200, affd. 160 App. Div. 886, affd. 212 N. Y. 567). The question was disposed of in these words (p. 208): “As the English courts will, I have no doubt, enforce payment of the legacy duty upon the legacy to the Countess Zichy from any property of the estate of the late Duchess located in England or forwarded to England by the American executors or trustees for the purpose of being applied to the payment of other legacies, the toher legatees will in that event be compelled to pay the duty properly payable by the *383 Countess Zichy, but unenforcible against her because of a lack of jurisdiction over her by the English court. This would result in an injustice which the courts of this country should not sanction. "While it is doubtless true that this court will not aid a foreign country in the enforcement of its revenue laws, it will not refuse to direct a just and equitable administration of that part of an estate within its jurisdiction merely because such direction would result in the enforcement of such revenue laws. The court should favor such an administration of the estate here as will be in conformity with the intention of the testatrix. It certainly was not the intention of the late Duchess that the bequests made by her to the English legatees should be partly confiscated in the payment of death duties imposed upon the bequests to foreign legatees. The orderly and equitable administration of the estate seems in this instance to require that the legacy duty imposd by English law upon the annuity given to the Countess Zichy by the will of the late Dowager Duchess of Manchester should be paid out of the property set apart by the executors in this country for the production of such annuity.”
Decree of Surrogate’s Court (Silvebman, S.)‘ directing advance payments of testamentary bequests should be modified on the law and as a matter of discretion in regard to the petitioner Pauline Howard to deny the application as regards that petitioner, and otherwise affirmed with costs to all parties filing briefs payable out of assets in the estate in the hands of the ancillary administrator.
Stevens, P. J., Nunez, Kupferman and Eager, JJ., concur.
Decree, Surogate’s Court, New York County, entered on July 28, 1970, unanimously modified on the law and as a matter of discretion in regard to the petitioner Pauline Howard to deny the application as regards that petitioner, and otherwise affirmed, with one bill of $50 costs and disbursements to all parties filing briefs payable out of assets in the estate in the hands of the ancillary administrator.